UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA NIETO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORATION, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 17-CV-0388 W (JMA)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEYS' FEES; AND**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT [DOCS. 15–16.]** |

　　　Defendants removed this action from the Superior Court of California on February 24, 2017. (*Notice of Removal* [Doc. 1].) On March 1, 2017, the Court ordered Defendants to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (*Order to Show Cause* [Doc. 8].) Defendants responded on March 8, 2017. [Doc. 11.] Plaintiff replied on March 15, 2017. [Doc. 12.] For the reasons that follow, the Court lacks jurisdiction over the subject matter of this case. Accordingly, this action will be remanded to the Superior Court of California.

//

I. **BACKGROUND**

The Notice of Removal invokes subject matter jurisdiction solely pursuant to 28 U.S.C. § 1332.  (*Notice of Removal* [Doc. 1] ¶ 9.)  The Complaint names as a defendant Carmen Cole, a citizen of California—the same state of which the Plaintiff is a citizen.  (*See Notice of Removal* [Doc. 1] ¶ 14; *Compl.* [Doc. 1-3, Exh. 1].)  According to the Notice of Removal, Plaintiff has dismissed all but one of her causes of action against Cole—a harassment cause of action pursuant to the California Fair Employment and Housing Act ("FEHA").  (*See Notice of Removal* [Doc. 1] ¶ 7.)  The Notice of Removal alleges that there is no possibility of successfully asserting such a harassment claim against Carmen Cole—that she is a sham defendant who has been fraudulently joined to defeat removal.  (*See id.* [Doc. 1] ¶¶ 14–22.)

II. **LEGAL STANDARD**

The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof.  See Gaus v. Miles. Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "The propriety of removal . . . depends on whether the case originally could have been filed in federal court."  Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a).  Where the amount in controversy is unclear from the face of the complaint, courts apply a preponderance of the evidence standard.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).

There is a "strong presumption" against removal jurisdiction, and the defendant always bears the burden of establishing the propriety of removal.  See Gaus, 980 F.2d at 566 (internal quotation omitted); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.3 (9th Cir. 1990) (internal citation omitted).

"Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  McCabe v. Gen. Foods

2

Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In such a case, the removing party must prove fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

### III.  DISCUSSION

#### A.  Defendants do not Demonstrate that Cole is a Sham Defendant, so 28 U.S.C. § 1332 Does Not Provide for Subject Matter Jurisdiction.

California's FEHA prohibits harassment of an employee. Cal. Gov. Code § 12940(j)(1). "To establish a claim for harassment [pursuant to this section], a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013) (referencing Aguilar v. Avis Rent A Car Sys., Inc., 21 Cal. 4th 121, 129–30 (1999)). "[T]he harassment complained of must be 'sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment . . . .' " Aguilar, 21 Cal. 4th at 130 (quoting Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 608 (1989)).

//
//
//
//

|   |   |
|---|---|
| 1 | "The plaintiff must prove that the defendant's conduct would have interfered |
| 2 | with a reasonable employee's work performance and would have seriously |
| 3 | affected the psychological well-being of a reasonable employee[,] and that |
| 4 | she was actually offended . . . . [H]arassment cannot be occasional, isolated, |
| 5 | sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of |
| 6 | harassment of a repeated, routine or a generalized nature . . . ." |

Id. at 130–31 (quoting Fisher, 214 Cal. App. 3d at 609–610).

The FEHA treats discrimination and harassment as two separate wrongs, and the two terms appear in separate provisions of the act. See Roby v. McKesson Corp., 47 Cal. 4th 686, 705 (2009). "[D]iscrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." Id. at 707.

Defendants cite to a passage from a transcript of Plaintiff's deposition, from which they contend that "Plaintiff admits that her entire harassment claim is based on a 'demotion meeting'[.]" (*Defs.' OSC Response* [Doc. 11] 14:11–12, 11:26–12:21.) In this passage, Plaintiff testified as follows:

[Question:]   Other than that move to cashier, can you list for me every unwelcome comment that Carmen Cole ever made to you?

[Answer:]   During the demotion meeting?

[Question:]   At any time.

[Answer:]   I had never spoke to her before that. She suggested that I couldn't do my job in the demotion meeting. She didn't want to hear me on anything I had to say about my job.

4

| | | |
|---|---|---|
| 1 | | And it was either take the cashier job or there's the front |
| 2 | | door. |
| 3 | | |
| 4 | [Question:] | Any other unwelcome comments from Ms. Cole? |
| 5 | | |
| 6 | [Answer:] | No, not that I can recall right now. |
| 7 | | |
| 8 | [Question:] | And you wanted Ms. Cole to allow you to work in the |
| 9 | | presentation job, correct? |
| 10 | | |
| 11 | [Answer:] | Yes. |
| 12 | | |
| 13 | [Question:] | And that's what this conversation was in regard to, |
| 14 | | correct? |
| 15 | | |
| 16 | [Answer:] | Yes. |
| 17 | . . . . | |
| 18 | [Question:] | Can you name any unwelcome conduct by Ms. Cole? |
| 19 | | |
| 20 | [Answer:] | Other than the fact that she just shut me up at times and |
| 21 | | just would not hear me. |
| 22 | | |
| 23 | [Question:] | Are you referring to the demotion meeting, Ms. Nieto? |
| 24 | | |
| 25 | [Answer:] | Yes. |
| 26 | | |
| 27 | [Question:] | Any other comments or conduct by Ms. Cole that you |
| 28 | | recall being unwelcome at the time? |

1     [Answer:]    Not that I can recall, honestly. I just—

(*Defs.' OSC Response* [Doc. 11] 11:26–12:21 (quoting *Nieto Depo.* [Doc. 11-2] 68–70).)

    Defendants contend that, "as a matter of law," Ms. Cole's communications at a single meeting cannot support a harassment cause of action pursuant to FEHA because "the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature . . . ." (*Defs.' OSC Response* [Doc. 11] 11:1–13:8 (quoting <u>Lyle v. Warner Bros. Television Prods.</u>, 38 Cal. 4th 264, 283 (2006)). In this, they are correct.

    However, Defendants do not address allegations in the Complaint that Cole harassed Nieto without the face-to-face interaction that a layperson might associate with the phrase "unwelcome conduct"—that Cole instead communicated with her from afar using means that may have been at her disposal through her managerial role at Target. (*See Compl.* [Doc. 1-3, Exh. 1] ¶ 27 ("[F]or nearly a twelve[-]week period, between May 20, 2015, and August 21, 2015, [Cole] continued in her discriminatory course of conduct under intolerable working conditions, set [Nieto] up to fail, and wrote [Nieto] up under the pretext of clocking out late.").)

    Apparently in response to these allegations in the Complaint (though they neither cite to them nor provide any evidence to refute them), Defendants point to the distinction in California law between harassment and discrimination. (*See Defs.' OSC Response* [Doc. 11] 13:9–14:20.) They cite to <u>Janken v. GM Hughes Elecs.</u>, which provides that "harassment consists of a type of conduct not necessary for performance of a supervisory job," whereas "[d]iscrimination claims, by contrast, arise out of the performance of necessary personnel management duties[.]" 46 Cal. App. 4th 55, 63–64 (1996). California still holds to this distinction, but the state's highest court has since elucidated an important subtlety in this area that Defendants do not address.

    In <u>Roby</u>, the California Supreme Court explained:

6

>harassment consists of conduct outside the scope of necessary job
>performance, conduct presumably engaged in for personal gratification,
>because of meanness or bigotry, or for other personal motives . . . .

47 Cal. 4th at 707, but *also* that:

>in some cases the hostile message that constitutes . . . harassment is
>conveyed through official employment actions, and therefore evidence that
>would otherwise be associated with a discrimination claim can form the
>basis of a harassment claim.

47 Cal. 4th at 708. The analysis turns on whether the harassment claim finds its foundation in a biased message motivated by personal animus and communicated through official acts, or in the official acts themselves. In only the latter situation would the harassment claim fail as a matter of law. See id. "[I]n analyzing the sufficiency of evidence in support of a harassment claim, there is no basis for excluding evidence of biased personnel management actions so long as that evidence is relevant to prove the communication of a hostile message." Id. at 708.

      Here, Plaintiff's Complaint alleges that Cole conveyed a hostile message to Nieto via repeated written reprimands, ostensibly to punish Nieto for clocking out between two and five minutes late when the store was busy and there were customers waiting in line. (*See Compl.* [Doc. 1-3, Exh. 1] ¶¶ 27–30.) The Complaint as it is now drafted implies that Cole's motivations were related to advancing her official position—not personal gratification. (*See id.* [Doc. 1-3, Exh. 1] ¶ 26.) However, at this stage the question is whether there is any possibility a harassment claim might lie against Cole—as in whether Plaintiff might amend to allege a viable theory. See Good, 5 F. Supp. 2d at 807. Defendants do not explore whether Plaintiff might amend to allege that Cole might, in fact, have been motivated by personal animus in communicating a biased message through the use of these reprimands. Their evidence does not even touch upon the issue. Instead, they rely on the now-incomplete doctrine laid out in 1996 by the Second District Court of Appeal in Janken, 46 Cal. App. 4th at 62–65, for the simple proposition that

7

1 | "[p]ersonnel management actions . . . do not come within the meaning of harassment."
2 | (*See Defs.' OSC Response* [Doc. 11] 13:9–14:20.) Because Defendants do not show
3 | otherwise, the possibility remains that Plaintiff might amend to allege that Cole was
4 | reprimanding Nieto for her own, personal reasons, thereby harassing her.

Because of the foregoing, Defendants do not demonstrate "by clear and convincing evidence" that "there is no possibility" a harassment claim might lie against Cole. See Hamilton Materials, 494 F.3d at 1206; Good, 5 F. Supp. 2d at 807. Accordingly, they do not meet their heavy burden of showing that Cole is a sham defendant. See Plute, 141 F. Supp. 2d at 1008.

As both Nieto and Cole are alleged to be citizens of California (*see Notice of Removal* [Doc. 1] ¶¶ 11, 14), there is no complete diversity of citizenship between the parties, and 28 U.S.C. § 1332 does not provide for subject matter jurisdiction over this action.

### B.     Plantiff's Request for Attorneys' Fees Will be Denied.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Nieto requests compensation for costs and 37 hours of attorneys' fees in connection with remand pursuant to § 1447. (*See Pl.'s OSC Response* [Doc. 12] 8:18–9:3; *Ranke Decl.* [Doc. 13].) She does not present any cogent reasoning to establish that Defendant lacked an objective basis for removal, or any other unusual circumstances that would justify an award of costs or fees. See Martin, 546 U.S. at 141. Indeed, much of her reply to the Court's OSC dedicates itself to extraneous issues not raised by the OSC in the first place. (*See, e.g.*, *Pl.'s OSC Reply* [Doc. 12] 3:24–4:4 (construing Defendants'

OSC response as "frivolous[,]" without support), 7:20–25 (erroneously construing the OSC as a "*sua sponte* rejection" of the notice of removal), 7:27–8:6 (baldly representing to the Court that "it is abundantly clear that Defendants filed their notice of removal for no purpose other than to forum-shop factual issues of substantive liability untried in the state court and to swiftly foreclose Plaintiff's discovery . . . .").)  The Court's decision to remand is based on a subtle point of law that Plaintiff did not raise in her OSC reply. (*See Ranke Decl.* [Doc. 13].)  As reasonable minds could differ in the application of Roby, 47 Cal. 4th at 707–09, to the facts of this case on a sham defendant theory, Defendant had a reasonable basis to remove.

The request for costs and fees will be denied.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court is without jurisdiction over the subject matter of this case.  Accordingly, this action is **REMANDED** to the Superior Court of California.

Plaintiff's request for costs and attorneys' fees is **DENIED.**

Plaintiff's motion to remand is **DENIED AS MOOT.**  [Docs. 15–16.]

The Clerk is directed to close the United States District Court case file.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

Hon. Thomas J. Whelan
United States District Judge